**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

CARY BROWN,

Plaintiff,

v. CIVIL ACTION NO. 2:16-cv-12748

DAVIS H. ELLIOT CONSTRUCTION
COMPANY, INC., et al.,

Defendants.

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Motion to Dismiss of Defendant Davis H. Elliot Construction Company, Inc. (ECF No. 6.) As set forth below, this unopposed motion is **GRANTED**.

*I. BACKGROUND*

Plaintiff Cary Brown is a citizen of North Carolina.[1] He sues his former employer, Defendant Davis H. Elliot Construction Company, Inc. ("DHE"). DHE's principal place of business is in Lexington, Kentucky.

Plaintiff filed his Complaint in West Virginia state court. According to that pleading, DHE dispatched Plaintiff to West Virginia for a contractual assignment with a utility company. (Compl. ¶ 8.) Plaintiff does not describe the circumstances of this assignment nor the type of

[1] Plaintiff's citizenship is drawn from the Notice of Removal. Plaintiff's Complaint, by contrast, alleges cryptically that Plaintiff was a resident of West Virginia "at the time of termination." (Compl. ¶ 3.) In determining the citizenship of the parties for purposes of diversity jurisdiction, the Court looks to the time the action is filed in state court and the time the action is removed to federal court. *See* 14B C. Wright et. al, *Federal Practice and Procedure* § 3723, n. 15 (4th ed. 2009). The plaintiff's citizenship at the time of the defendant's alleged wrongdoing is not relevant to the inquiry.

work he performed. DHE terminated Plaintiff "after one employee was injured on the job, and another employee was killed due to the negligence of DHE." (*Id.* ¶ 9.) Plaintiff alleges the termination was in retaliation "for offering truthful testimony, assisting in the investigation, complaining about safety concerns," and additionally, or perhaps alternatively, due to Plaintiff's age. (*Id.*)

These allegations give rise to twenty-one causes of action.[2] Count 1 alleges violations of the West Virginia Human Rights Act ("WVHRA"). Counts 2 and 3 are claims for breach of express and implied contracts. Counts 4 through 12 allege retaliatory termination in violation of various public policies of the State of West Virginia. Counts 13, 14, and 15 bring statutory claims under West Virginia whistleblower laws, the Family and Medical Leave Act ("FMLA"), and the Occupational Safety and Health Act ("OSHA"). Count 16 is a negligence claim. Counts 17, 18, 30, 31, and 32 allege misrepresentation, civil conspiracy, negligent infliction of emotional distress ("NIED"), intentional infliction of emotional distress ("IIED"), and intimidation. With the exception of the civil conspiracy alleged in Count 18, Plaintiff appears to bring each claim exclusively against DHE. Plaintiff also names as a defendant an unidentified DHE employee, referred to in the Complaint as "John Doe." The allegations against John Doe are limited to those in the civil conspiracy claim.

Invoking the Court's diversity jurisdiction, DHE removed the action on December 30, 2016.[3] *See* 28 U.S.C. § 1332. DHE filed the pending Motion to Dismiss on January 6, 2017. Plaintiff never filed a response.

[2] Plaintiff's causes of action are misnumbered. The cause of action immediately following Count 18 is designated "Count 30," and the sequential numbering continues from that point. For clarity's sake, the Court adopts the numbering used by the Complaint to identify Plaintiff's claims.

[3] The Court notes that although the Complaint alleges the John Doe defendant is a "resident" of West

## *II. LEGAL STANDARD*

A motion to dismiss for failure to state a claim upon which relief may be granted tests the legal sufficiency of a civil complaint. Fed. R. Civ. P. 12(b)(6). A complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a civil rights case. There, the Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" . . . ). Rule 8 . . . does not unlock the doors of discovery for a Plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at 556.

*Id.* at 678–79. A court decides whether this standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then

Virginia, the citizenship of a fictitious defendant does not defeat diversity. 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

determining whether those allegations allow the court to reasonably infer that "the defendant is liable for the misconduct alleged." *Id.* A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," thereby "nudg[ing][the] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570.

## *III. DISCUSSION*

DHE's arguments in support of dismissal are straightforward. DHE contends, quite simply, that the Complaint lacks adequate factual support to state any plausible claim for relief. DHE poses this challenge to the Complaint as a whole and does not address each cause of action specifically. In fairness to Plaintiff, the Court will endeavor to address the Complaint's deficiencies as they relate to each cause of action or grouping of causes of action.

The Court begins with Count 1. In bringing a claim under the WVHRA, W. Va. Code § 5-11-1 *et seq.*, a plaintiff must allege facts to support the following elements: "(1) That the plaintiff is a member of a protected class[;] (2) [t]hat the employer made an adverse decision concerning the plaintiff[;] [and] (3) [b]ut for the plaintiff's protected status, the adverse decision would not have been made." Syl. Pt. 3, *Conaway v. E. Associated Coal Corp.*, 358 S.E.2d 423 (W. Va. 1986). Protected classes identified by the WVHRA are "race, religion, color, national origin, ancestry, sex, age, blindness, disability [and] familial status." W. Va. Code § 5-11-3(h).

Plaintiff's WVHRA claim is legally insufficient, among other reasons, because he does not adequately allege membership in a protected class. Plaintiff alleges that DHE violated the WVHRA by terminating him based on "whistle blowing, on job injury, and/or age." (Compl. ¶ 12.) Whistle blowers are not a protected class under the WVHRA. Plaintiff could conceivably be using the term "job injury" interchangeably with disability, a protected class. However,

Plaintiff has not alleged a disability of any kind, and the Complaint's only allegations regarding a job injury relate to an injury suffered by a coworker, not Plaintiff himself. (Compl. ¶ 9 ("Plaintiff was terminated after one employee was injured on the job. . . .").) Next, because the Complaint does not mention Plaintiff's age, the Court cannot infer that Plaintiff is a member of this protected class. *See* W. Va. Code 5-11-3(k) (defining age to include "the age of forty or above").

Plaintiff's breach of contract claims fail because the Complaint sets forth nothing beyond conclusory allegations to support the existence of a contract, either express or implied. To bring a claim for breach of an express contract, a plaintiff must allege "the existence of a valid, enforceable contract," the plaintiff's performance under that contract, breach on the part of the defendant, and injury incurred by plaintiff as a result. *Exec. Risk Indem., Inc., v. Charleston Area Med. Ctr. Inc.*, 681 F. Supp. 2d 694, 714 (S.D. W. Va. 2009). Plaintiff does not offer a single factual detail concerning these essential elements, and thereby leaves the Court without means to appraise the sufficiency of the claim. Plaintiff's implied contract claim is similarly insufficient. West Virginia law recognizes that express or implied promises in employee handbooks or manuals may give rise to an implied contract, *Collins v. Elkay Min. Co.*, 371 S.E.2d 46, 52 (W. Va. 1988), but Plaintiff does not identify the promises that allegedly gave rise to a contractual relationship or the circumstances from which they arose.

Plaintiff brings Counts 4 through 12 pursuant to *Harless v. First National Bank of Fairmont*, a West Virginia case recognizing a common law claim for termination of employment in contravention of a substantial public policy. 246 S.E.2d 270 (W. Va. 1978). The Court will assume for the present that Plaintiff has identified sources of public policy sufficient to support a

*Harless* retaliatory discharge claim.[4] These claims nevertheless fail to survive a Rule 12(b)(6) challenge, however, because Plaintiff offers only vague generalities to support his assertions that DHE fired him for voicing complaints about the company's safety protocols and dangerous working conditions. Without detail concerning the nature of Plaintiff's complaints and the context in which they were raised, the Court cannot assess the plausibility of the allegation that Plaintiff's termination bore any relation to these complaints—much less that the termination was retaliatory on DHE's part.

The statutory claims alleged in Counts 13, 14, and 15 likewise fail to state a claim for relief. Count 13 brings a claim under West Virginia's whistle-blower laws. W. Va. Code § 6C-1-1. These laws prohibit discrimination or retaliation against an employee for reporting wrongdoing on the part of the employer. § 6C-1-3. Plaintiff offers no factual detail whatsoever in support of this claim; rather, he merely summarizes the aim of the statute. With no allegation that Plaintiff actually reported any wrongdoing on the part of DHE, Plaintiff's allegation that DHE fired him in retaliation for any report must necessarily fail. The same applies to the OSHA claim summarily alleged in Count 15. Plaintiff's FMLA claim is deficient because Plaintiff never alleges that he exercised or attempted to exercise the rights afforded him by that statute.

Count 16 alleges a negligence claim, premised on DHE's negligence in hiring John Doe. With regard to Count 16, the Complaint states:

> DHE failed to conduct a reasonable investigation into Doe's background vis a vis the job for which Doe was hired and the possible risk of harm or injury to coworkers

[4] The public policies relied upon to support these claims include DHE's own, albeit unidentified, policy and safety procedures, (Counts 5 and 6); policies governing the safety of workplace equipment, (Count 7); policies upholding an employee's refusal to complete non-work related tasks, (Count 8); policies validating the right of an employee to offer testimony against an employer in a legal proceeding, (Counts 9 and 10); policies vindicating an employee's right of self-protection, (Count 11); and policies protecting an employee's filing of a work-related grievance.

> or third parties that could result from the conduct of Doe. DHE should have reasonably foreseen the risk caused by hiring an unfit person. . . . But for DHE['s] negligence in hiring[,] an employee wouldn't have been killed and plaintiff wouldn't have been terminated. DHE's negligence did cause plaintiff harm.

(Compl. ¶¶ 31–34 (citation omitted).)

The elements of a negligence action are well-settled, and these allegations make a weak attempt to meet them. The elements are: (1) the existence of a duty, (2) a breach of that duty, (3) injury proximately caused by the breach, and (4) damage or loss to another. *See Wheeling Park Comm'n v. Dattoli*, 787 S.E.2d 546, 551 (W. Va. 2016) (citing *Webb v. Brown & Williamson Tobacco Co.*, 2 S.E.2d 898, 899 (W. Va. 1939)). The deficiency in this claim, like the others, is the omission of factual allegations raising an inference that DHE is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. The Complaint contains no information about John Doe apart from the paragraphs quoted above, and any risk this employee posed to others on DHE's job site is left to the imagination. The Court cannot reasonably infer a duty on the part of DHE to appreciate an unidentified risk. Employing the *Twombly* standard, this claim cannot proceed.

Plaintiff's remaining claims follow this pattern: conclusory allegations abound, but factual detail is completely absent. Count 17, for example, brings a claim for misrepresentation. In West Virginia, a claim for negligent misrepresentation must allege that the defendant (1) owed a duty to provide the plaintiff with information, (2) made an erroneous statement while lacking knowledge on the subject, and (3) thereby misled the plaintiff, causing injury. *Folio v. City of Clarksburg*, 655 S.E.2d 143, 151 (W. Va. 2007) (citing Syl. Pt. 1, *James v. Piggott*, 74 S.E. 667 (W. Va. 1910)). Plaintiff's allegations are lacking on each of these elements. He alleges vaguely that DHE made false misrepresentations "concerning the safety of the job and plaintiff(s) job security," followed by the unembellished assertion that but for DHE's misrepresentations, Plaintiff

would still be employed. (Compl. ¶ 36.) Again, these allegations lack necessary factual detail to elevate them from the speculative realm. At very least, Plaintiff must provide some nexus between the alleged false statements, his reliance thereon, and his injury. He wholly fails to do so here.

Count 18 brings a claim for civil conspiracy, supported by the singular allegation that "Defendant Doe conspired with at least one member of upper management/owner/shareholder/member of DHE to falsely misrepresent job safety." (Compl. ¶ 37.) West Virginia law defines a civil conspiracy as "a combination of two or more persons by concerted action to accomplish an unlawful purpose or to accomplish some purpose, not in itself unlawful, by unlawful means." *Kessel v. Leavitt*, 511 S.E.2d 720, 754 (W. Va. 1998) (quoting *Dixon v. Am. Indus. Leasing Co.*, 253 S.E.2d 150, 152 (W. Va. 1979) (internal quotation marks omitted)). As alleged here, the conspiracy existed between Joe Doe, a fictitious defendant, and an unidentified member of DHE leadership not named as a party to the Complaint. A civil conspiracy claim cannot proceed where one of the two alleged conspirators is not a party to the action. *See Marfork Coal Co., Inc. v. Smith*, 274 F.R.D. 193, 197 n. 4 (S.D. W. Va. 2011) (noting a West Virginia civil conspiracy claim requires proof of an agreement between "two or more people who are named as defendants").

The Complaint also fails to state a claim for IIED, (Count 31), or NIED, (Count 30). To plead a claim for IIED in West Virginia, a plaintiff must assert the following four elements:

> (1) that the defendant's conduct was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency; (2) that the defendant acted with the intent to inflict emotional distress, or acted recklessly when it was certain or substantially certain emotional distress would result from his conduct; (3) that the actions of the defendant caused the plaintiff to suffer emotional distress; and (4)

> that the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it.

*Travis v. Alcon Labs., Inc.*, 504 S.E.2d 419, 421 (W.Va. 1998). An employer's discharge of an employee, without more, does not constitute outrageous conduct. *See Dzinglski v. Weirton Steel Corp.*, 445 S.E.2d 219, 226 (W. Va. 1994). Rather, the aggrieved employee must plead distress resulting "from the outrageous manner by which the employer effected the discharge." *Id.* Plaintiff does not allege any action on DHE's part that rises to the level of outrageous conduct, and the Court cannot regard the mere fact of Plaintiff's termination as outrageous.

As to the NIED claim, the Court notes that damages for emotional distress are typically limited to claims involving physical injury. Plaintiff does not allege he suffered any kind of injury. An NIED claim can also reach "conduct that unreasonably endangers the plaintiff's physical safety or causes the plaintiff to fear for his or her physical safety." *Brown v. City of Fairmont*, 655 S.E.2d 563, 569 (W. Va. 2007) (quoting *Lipton v. Unumprovident Corp.*, 783 N.Y.S.2d 601, 604 (N.Y. App. Div. 2004)). Though Plaintiff generally alleges that DHE's policies contributed to unsafe working conditions, there is no indication that Plaintiff was personally in danger or reasonably apprehended danger at the worksite.

Plaintiff's Complaint concludes with a claim for intimidation, supported by two summary statements: "Defendants intimidated plaintiff[s] in violation of WV Code § 61-5-27" and "Plaintiff(s) is/are entitled to damages for Defendants' intimidation of plaintiffs." (Compl. ¶ 40.) Section 61-5-27 is a criminal statute penalizing the intimidation of witnesses, among other things. It prohibits the obstruction of "the testimony of any person in an official proceeding." § 61-5-27(b)(2). The statute also provides a civil cause of action against any person who violates its provisions. § 61-5-27(f). The Court surmises that this intimidation claim arises from an attempt

by Plaintiff to testify concerning DHE's misconduct. Without further elaboration, however, Plaintiff's allegations are inadequate. As relevant here, an official proceeding is "a proceeding involving a legal process or other process of a tribunal of this state or of the United States." § 61-5-27(4). Plaintiff has not alleged that an official proceeding took place, nor does he describe an attempt on his part to offer testimony in connection with such a proceeding. He also does not identify any harm resulting from DHE's supposed violation of the statute. *See Cunningham v. LeGrand*, No. 2:11-cv-0142, 2011 WL 3475546 (S.D. W. Va. Aug. 9, 2011) (dismissing § 61-5-27(f) claim for failure to allege harm).

In federal court, the Rule 8 pleading standard "demands more than . . . unadorned, the defendant-unlawfully-harmed-me accusation[s]." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Plaintiff's Complaint does not meet this standard and thus will be dismissed.

## *IV. CONCLUSION*

For these reasons, Defendant's Motion to Dismiss is **GRANTED**. The Court **DISMISSES** Plaintiff's Complaint for failure to state a claim.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 23, 2017

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE